Mr. Ruben M. Torres Chairman Texas Board of Pardons Paroles Stephen F. Austin Building, Room 711 Austin, Texas 78711
Re: Interpretation of article 42.12, § 15(d) Code of Criminal Procedure
Dear Mr. Torres:
You have requested our opinion regarding the proper construction of section 15(d) of article 42.12, Texas Code of Criminal Procedure. That section provides:
 A prisoner who has not been released to mandatory supervision and has 180 calendar days or less remaining on his sentence may be released by order of the Board to mandatory supervision.
Section 15(c) provides, in pertinent part:
 A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. (Emphasis added.)
You explain that the Board of Pardons and Paroles has heretofore construed the word `sentence' in section 15(d) to refer to the maximum term to which a prisoner was sentenced by the trial court, without taking into account any good conduct time under section 15(c). You ask whether the Board may interpret the word `sentence' to refer to the release date imposed by section 15(c), i.e., the maximum term less good conduct time.
Crediting good conduct time is not discretionary, but is required by the clear language of section 15(c). Thus, for purposes of determining a prisoner's release date, a `sentence' in section 15(c) seems to refer to the prisoner's maximum term less good conduct time. We believe that the Board's proposed construction is in fact the most reasonable interpretation of the word `sentence' in section 15(d). The word `sentence' in section 15(d) of article 42.12 should be construed to refer to the release date imposed by section 15(c) thereof, i.e., the maximum term less accrued good conduct time.
 SUMMARY
The Board of Pardons and Paroles should construe the word `sentence' in section 15(d) of article 42.12, Texas Code of Criminal Procedure, to refer to the release date imposed by section 15(c) of that statute, i.e., a prisoner's maximum term less any accrued good conduct time.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General